UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLYLE COMMODITY MANAGEMENT, L.L.C. (f/k/a VERMILLION ASSET MANAGEMENT, LLC), CELADON COMMODITIES LTD., CARLYLE GLOBAL MARKET STRATEGIES COMMODITIES FUNDING 2014-1, LTD., CARLYLE GLOBAL MARKET STRATEGIES COMMODITIES FUNDING 2015-1, LTD., VMF SPECIAL PURPOSE VEHICLE SPC, VMF Q1 SEGREGATED PORTFOLIO, and ANY OTHER INSUREDS AS DEFINED HEREIN<br><br>Plaintiffs<br><br>- against -<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY WITH UNIQUE MARKET REFERENCE B0753PC1410840000, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY WITH UNIQUE MARKET REFERENCE B1353DC1500748000, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY WITH UNIQUE MARKET REFERENCE B1353DC1500837000,<br><br>Defendants. | 17 Civ. _____ (     )<br><br>**NOTICE OF REMOVAL** |

TO:   UNITED STATES DISTRICT COURT FOR
      THE SOUTHERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1333, 1441 and 1446, Defendant Certain Underwriters at Lloyd's London Subscribing to Policy with Unique Market Reference B1353DC1500837000 ("Excess Insurers") hereby removes this action from the

Supreme Court of the State of New York, County of New York, Commercial Division, to the United States District Court for the Southern District of New York, on the following grounds:

### I.    COMMENCEMENT OF ACTION AND TIMELINESS OF REMOVAL

1.    Plaintiffs commenced this action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York, Commercial Division, on March 3, 2017, under Index No. 651151/2017.

2.    Plaintiffs served a copy of the Summons and Complaint on Defendant Excess Insurers on March 3, 2017.  Plaintiffs served a copy of the Summons and Complaint on Defendant Certain Underwriters at Lloyd's London Subscribing to Policy with Unique Market Reference B0753PC1410840000 and Defendant Certain Underwriters at Lloyd's London Subscribing to Policy with Unique Market Reference B1353DC1500748000 (collectively, "Primary Insurers") on March 3, 2017.  This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty days after receipt by the Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b).

### II.    VENUE

3.    Pursuant to 28 U.S.C. § 112(b), New York County, New York is located within the Southern District of New York.  Accordingly, venue is proper in this District under 28 U.S.C. § 1441(a).

### III.    PLEADINGS, NOTICE TO STATE COURT AND CONSENT OF OTHER DEFENDANTS TO REMOVAL

4.    Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the Summons and

Complaint, and Exhibits A through F thereto, are attached as Exhibits 1 through 8 hereto. A true and accurate copy of a Request for Judicial Intervention and Addendum filed by the Plaintiffs is attached as Exhibit 9 hereto. A true and accurate copy of a Notice of Commencement of Action Subject to Mandatory Electronic Filing filed by the Plaintiffs is attached as Exhibit 10 hereto. True and accurate copies of the Affidavits of Service for Exhibits 1 through 10 hereto are attached as Exhibit 11 hereto. No further proceedings have occurred in the action in the Supreme Court of the State of New York, County of New York, Commercial Division, except that the parties have stipulated to extend the Defendants' time to respond to the Complaint to April 24, 2017, and counsel for the Defendants have filed their Notices of Appearance. True and accurate copies of the parties' Stipulated Extension of Time and the Notices of Appearance of Defendants' counsel are attached as Exhibits 12 and 13 hereto, respectively.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice along with a Notice of Filing of Notice of Removal, a proposed copy of which is attached as Exhibit 14 hereto, will promptly be filed with the Clerk of the Supreme Court of the State of New York, County of New York, Commercial Division, and such written notice shall be given to all adverse parties.

6. Counsel for Excess Insurers has obtained consent for removal from Defendants Primary Insurers. Accordingly, all defendants who have been properly joined and served join in or consent to the removal of the action. *See* 28 U.S.C. § 1446(b)(2)(A).

## IV.   FACTUAL BACKGROUND

7. Plaintiffs' claims arise from an alleged theft of crude oil and petroleum products by Societé Anonyme Marocaine de L'Industrie de Raffinage ("SAMIR") from SAMIR's facility in Morocco. *See generally*, Compl. ¶¶ 25-62.

8. Plaintiffs allege that their losses are covered by the Marine Cargo Insurance

Policies issued by the Defendants to the Plaintiffs. *Id*. ¶¶ 72-93.

9. Plaintiffs further allege that Defendants are liable in whole or in part to Plaintiffs in the amount of $395,959,804.00, plus interest, costs, and attorneys' fees representing Plaintiffs' claims under the Marine Cargo Insurance Policies due to the alleged theft by SAMIR. *Id*. ¶¶ 125-34.

10. Additionally, Plaintiffs seek a declaration from the Court that (1) the alleged theft is a covered loss under the Marine Cargo Insurance Policies; and (2) Defendants are responsible to make payments to Plaintiffs for losses due to the alleged theft. *Id*. ¶¶ 135-44.

11. Finally, Plaintiffs allege that Defendants are liable in whole or in part to Plaintiffs for the costs and expenses associated with Plaintiffs' attempts to reduce potential losses under the Marine Cargo Insurance Policies. *Id*. ¶¶ 145-50.

## V. DIVERSITY JURISDICTION

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as Plaintiffs and the Defendants are completely diverse and the amount in controversy exceeds $75,000.

13. According to the Complaint, Plaintiff Carlyle Commodity Management L.L.C. (f/k/a Vermillion Asset Management, LLC) ("CCM") was and is a Delaware Limited Liability Company with its principal place of business at 520 Madison Avenue, New York, New York 10022. *Id*. ¶ 2.

14. On information and belief, CCM is a citizen of the States of Maryland and Virginia for purposes of the Court's diversity jurisdiction.

15. For purposes of the Court's diversity jurisdiction, a limited liability company has the citizenship of its members. *Handelsman v. Bedford Vill. Associates Ltd. P'ship.*, 213 F.3d 48, 51-52 (2d Cir. 2000).

16. On information and belief, the sole member of CCM is The Carlyle Group L.P., which is a Delaware limited partnership formed on July 18, 2011, and is a citizen of the States of Maryland and Virginia for purposes of the Court's diversity jurisdiction.

17. For purposes of the Court's diversity jurisdiction, a limited partnership has the citizenship of its partners. *Id*.

18. On information and belief, the general partner of The Carlyle Group L.P. is Carlyle Group Management L.L.C., which is wholly-owned and controlled by The Carlyle Group L.P.'s founders, and is a citizen of the States of Maryland and Virginia for purposes of the Court's diversity jurisdiction.

19. On information and belief, the members of Carlyle Group Management L.L.C., and the founders of The Carlyle Group L.P., are David M. Rubenstein, William E. Conway and Daniel A. D'Aniello.

20. On information and belief, David M. Rubenstein is domiciled in the State of Maryland, and thus is a citizen of Maryland for purposes of the Court's diversity jurisdiction.

21. On information and belief, William E. Conway is domiciled in the State of Virginia, and thus is a citizen of Virginia for purposes of the Court's diversity jurisdiction.

22. On information and belief, Daniel A. D'Aniello is domiciled in the State of Virginia, and thus is a citizen of Virginia for purposes of the Court's diversity jurisdiction.

23. According to the Complaint, Plaintiff Celadon Commodities Ltd. ("Celadon") was and is an exempted company incorporated with limited liability under the laws of the Cayman Islands. Compl. ¶ 3. As such, Celadon is a citizen of the Cayman Islands.

24. According to the Complaint, Plaintiff Carlyle Global Market Strategies Commodities Funding 2014-1, Ltd. ("2014-1") was and is an exempted company incorporated

with limited liability under the laws of the Cayman Islands. *Id*. ¶ 5.  As such, 2014-1 is a citizen of the Cayman Islands.

25.     According to the Complaint, Plaintiff Carlyle Global Market Strategies Commodities Funding 2015-1, Ltd. ("2015-1") was and is an exempted company incorporated with limited liability under the laws of the Cayman Islands. *Id*. ¶ 7.  As such, 2015-1 is a citizen of the Cayman Islands.

26.     According to the Complaint, Plaintiffs VMF Special Purpose Vehicle SPC and VMF Q1 Segregated Portfolio (collectively, "VMF") was and is an exempted segregated portfolio company incorporated with limited liability under the laws of the Cayman Islands. *Id*. ¶ 9.  As such, VMF is a citizen of the Cayman Islands.

27.     Defendants are Lloyd's Syndicates of Insurers which include Names who are citizens of the United Kingdom, and the States of Alabama, California, Georgia, Nevada, and Texas.

28.     There is more than $75,000 in controversy between the parties.  Plaintiffs seek damages in the amount of $395,959,804.00, plus interest, costs, expenses, and attorneys' fees.

29.     In sum, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because (1) complete diversity of citizenship between Plaintiffs and Defendants exists, and (2) an amount in excess of the $75,000 jurisdictional threshold is at issue.  Accordingly, Defendants are entitled to remove this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(b).

## VI.     ADMIRALTY JURISDICTION

30.     This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1333 because the Complaint alleges a breach of maritime contracts.  Compl. ¶¶ 125-34.

31. The Marine Cargo Insurance Policies issued by the Defendants to Plaintiffs constitute maritime contracts. *See, e.g.*, *Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F.3d 307 (2d Cir. 2005).

32. Accordingly, Defendants are entitled to remove this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a), which allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" *See*, *e.g.*, *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013).

**WHEREFORE**, Defendants Excess Insurers, hereby remove the subject action from the Supreme Court of the State of New York, New York County, Commercial Division, to the United States District Court for the Southern District of New York.

Dated: New York, New York
March 31, 2017

CLYDE & CO US LLP

By: /s/ John M. Woods
John M. Woods
Casey D. Burlage
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950
Email: john.woods@clydeco.us

Attorneys for Defendants
*Certain Underwriters at Lloyd's London Subscribing to Policy with Unique Market Reference B1353DC1500837000*